# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DAVID RADEMAKER,
CDCR #P-01361,

        Plaintiff,

vs.

J. JUAREZ, Associate Warden;
E. GARZA, Facility A Captain;
A. HERNANDEZ, Associate Warden;
B. SELF, Appeals Coordinator;
S. JEFFRIES, Correctional Counselor;
R. GYSLER; R. WALKER;
D. VANDUREN; S. ZUDIKER;
Doe 1-50,

        Defendants.

Case No.: 3:18-cv-1831-WQH-AGS

**ORDER:**

**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**

**AND**

**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**

DAVID RADEMAKER ("Plaintiff"), proceeding pro se and while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., with respect to his religious accommodations at RJD. (*See* Compl., ECF No. 1 at 1.)

///

Plaintiff has not paid the civil filing fee required by 28 U.S.C. § 1914(a), but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).[1]

## Discussion

**A.  IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2]  *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

///
///

---

[1] Plaintiff has also submitted several ex parte letters to the Court inquiring as to the status of his case and documenting his requests for "PLU" access to RJD's prison library. (*See* ECF Nos. 3, 6, 8, 10.). While his letters have been accepted for filing in light of Plaintiff's pro se status, he is hereby cautioned that he is required to comply with the same procedural rules as other litigants, *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam), and that S.D. Cal. CivLR 83.9 prohibits such ex parte communications with the court. *See also* S.D. Cal. CivLR 83.1.a "Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court….").

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted his CDCR Inmate Statement Report, as well as a prison certificate authorized by a RJD trust account official attesting to his account activity. (*See* ECF No. 4 at 1-3); 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff had no average monthly deposit to his account, carried no average monthly balance over the six month period preceding the filing of his Complaint, and had no money on the books at the time of filing. (*See* ECF No. 4 at 1.)

Based on this accounting, it is clear Plaintiff is unable to pay any initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1) at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

///

1 | Accordingly, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), declines any initial partial filing fee because his prison certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Acting Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**B.     Screening of Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

///

4

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## C. Religious Accommodation Claims

Plaintiff, who suffers from a "serious mental disability" claims Defendants, all correctional and appeals officials at RJD sued in their official and individual capacities, have "discriminated against [him] on the basis of his disability in the practice of his Jewish faith under the Kosher diet program" between September 2014 and March 2018. (*See* Compl. ECF No. 1 at 1-3, 6-9.) Plaintiff contends he has been served "substandard food items" that are not in conformity with [his] Jewish faith," and that he has been separated from and treated differently than non-mentally ill inmates in the general prison population who have been "afforded a diet that me[ets] … Jewish doctrine." *Id.* at 3. Plaintiff specifically claims Defendants denied his repeated requests for a "reasonable accommodation" in violation of the ADA, and discriminated against him with relation to his Kosher dietary restrictions "because of his status as a mental [health] inmate." *Id.* at 7-8. He seeks injunctive relief "to ensure [he] is able to practice his Jewish faith in conformity with its doctrine," as well as $20,000 in general and $150,000 in punitive damages. *Id.* at 5.

As currently pleaded, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123. Accordingly, the Court will order the U.S. Marshal to effect service upon

the named Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[3]

## Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

///

---

[3] Plaintiff also includes "Doe 1-50" as Defendants in the caption of his Complaint, *see* ECF No. 1 at 1, but his pleading includes no allegations as to these unidentified persons. Before Plaintiff can allege any plausible claim for relief, he must identify these parties by name, and amend his pleading to include "factual content that allows the court to draw the reasonable inference that [each] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Until he does so, an effective summons cannot issue for use by the U.S. Marshal who may be charged with effecting its service pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, No. CV 18-00249 DKW-KJM, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant.").

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the named Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendants once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that

document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: October 25, 2018

Hon. William Q. Hayes
United States District Court