UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| David RADEMAKER, | Case No.: 18-cv-1831-WQH-AGS |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION (ECF No. 43)** |
| v. | |
| J. JUAREZ, et al., | |
| Defendants. | |

In his motion for injunctive relief,[1] plaintiff also requests an extension to the scheduling order. (ECF No. 43, at 7.) The requested extension is **DENIED**.

Plaintiff David Rademaker, a state inmate proceeding pro se, requests additional time to achieve mental stability to litigate his ongoing cases. But this Court previously granted an extension for this same reason following Rademaker's hospitalization. (*See* ECF No. 41.) A scheduling order "may be modified only for good cause and with the judge's consent." Fed R. Civ. P. 16(b)(4). Good cause exists if the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court "is given broad discretion in supervising the pretrial phase of the litigation and its decisions regarding the

---

[1] Plaintiff's motion for injunctive relief is addressed in a separate Report and Recommendation.

1

| | |
|---|---|
| 1 | preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear |
| 2 | abuse of discretion." *Id.* at 607.  Rademaker has not shown why he requires additional time |
| 3 | beyond the previous extension and fails to suggest that he cannot reasonably meet the |
| 4 | current deadline. (*See* ECF No. 41.) |

For these reasons, the Court denies Rademaker's requested extension. But the request is denied without prejudice, in the event Rademaker is able to satisfy the required showing sometime in the future.

Dated: January 23, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge