# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David RADEMAKER,<br><br>                        Plaintiff,<br><br>v.<br><br>J. JUAREZ, et al.,<br><br>                        Defendants. | Case No.: 18-cv-1831-WQH-AGS<br><br>**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (ECF No. 43)** |

Plaintiff seeks various preliminary injunctions in his civil-rights lawsuit against prison officials. But he fails to make the required showing for such relief. And in any event, the injunctions he seeks are outside this Court's power to grant in this lawsuit.

## BACKGROUND

In this action, inmate David Rademaker claims that prison administrators refused to let him participate in the institution's kosher-diet program due to his mental disability. (ECF No. 1, at 3.) Construing his present motion liberally, Rademaker now seeks the following injunctive relief:

1. An order for the prison "to find his [stolen] property" (ECF No. 43, at 7);
2. "[M]eaningful[] access" to the law library (*id.* at 2);
3. A guarantee that his legal mail remain "confidential" (*id.* at 2-3);

1

4. Access to legal supplies, such as "grievance forms," additional "paper to write on," (*id.* at 5), a "<u>pen [with] black or blue ink</u>," (*id.* at 4), and standard forms to reply to defendants' discovery devices (*id.* at 4-5);
5. Access to records from the July 2019 knife attack on him (*id.* at 4-5); and
6. A "doctor to examine [Rademaker's] mental state." (*Id.* at 7.)

## DISCUSSION

The purpose of a pre-judgment injunction is "not to conclusively determine the rights of the parties but to balance the equities as the litigation moves forward." *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017). It is "an extraordinary remedy" that is "never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). To meet that high threshold, plaintiffs must typically show that: (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). Alternatively, "if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two . . . factors are satisfied." *Id.* (citation and quotation marks omitted).

Rademaker requests injunctive relief to stop prison staff from frustrating his ability to litigate his case. But even presuming that he has shown a likelihood of "irreparable harm," Rademaker has made absolutely no showing that he is likely to succeed on the merits (or that there are "serious questions going to the merits"), that the balance of equities tips in his favor, or that a preliminary injunction is in the public's interest. *See Alliance for the Wild Rockies*, 865 F.3d at 1217. Since he has not even attempted to show three of the four required factors, his motion should be denied. *See id.* at 1223 ("[A] party seeking a preliminary injunction must satisfy all four factors.").

Even if Rademaker could make the necessary showing, a separate procedural hurdle would be fatal here: This Court does not have authority to issue an injunction "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). The relationship between "the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint" must be "sufficiently strong" so that "the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* at 636 (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

Rademaker's complaint consists of one claim regarding access to kosher meals. (ECF No. 1, at 5.) In the complaint, he seeks actual and punitive damages, as well as an injunction that "Defendants . . . be ordered to ensure Plaintiff is able to practice his Jewish faith in co[n]formity with its doctrine." (*Id.*) The character of the final relief he could receive—money and access to kosher meals—has nothing to do with his motion's requests for the return of unrelated stolen property, law-library access, confidential-mail guarantees, provision of legal supplies, records from an unrelated inmate assault, or a doctor's examination. Some of those requests may be the bases for standalone lawsuits, but this Court lacks authority to issue preliminary injunctive relief based on issues completely unrelated to Rademaker's access-to-kosher-meals claim. *See Pac. Radiation Oncology, LLC*, 810 F.3d at 636. So, the motion should also be denied for this reason.

## CONCLUSION

This Court recommends that Rademaker's motion for injunctive relief be **DENIED**. Within 14 days of being served with this report, the parties must file any objections. *See* 28 U.S.C. § 636(b)(1). The party receiving any such objection has 14 days to file a response. *See* Fed. R. Civ. P. 72(b)(2).

Dated: January 23, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge